IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | |
| | § | NO. 3-08-CR-224-N |
| DARRIEN HATHCOCK | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Darrien Hathcock, appearing *pro se*, has filed a pleading entitled "Petition for a Writ of Mandamus to Credit Time Served." For the reasons stated herein, the court should treat the pleading as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and deny the relief requested.

I.

On July 23, 2008, defendant was indicted by a federal grand jury in the Northern District of Texas on one count of falsely impersonating a United States Marshal. Six days later, on July 29, 2008, defendant was arrested in Natchez, Mississippi, on a state fraud charge. The Mississippi case was subsequently dismissed, and defendant was released to Louisiana authorities on a detainer related to a state drug charge. On May 19, 2009, defendant pled guilty to the Louisiana drug charge and was sentenced to four years confinement. The next month, the U.S. Marshals Service assumed temporary custody of defendant pursuant to a writ of habeas corpus *ad prosequendum* issued in the federal case.[1] Defendant pled guilty to the federal indictment and, on February 1, 2010, was

---

[1] Federal prison regulations provide that time spent in federal custody pursuant to a writ of habeas corpus will not, in itself, be considered for the purpose of determining custody credits. This is because the primary reason for custody is not the federal charge. Rather, it is considered that the federal court "borrows" the defendant under the provisions of

sentenced to 24 months confinement. The judgment specifies that defendant's federal sentence shall run consecutively to sentences imposed in nine different state cases, including the Louisiana drug case. Defendant now seeks credit on his federal sentence for the 10 months he spent in state custody pursuant to a federal detainer.

II.

The court initially observes that defendant's sentence credit claim must be brought under 28 U.S.C. § 2241, not by way of a petition for writ of mandamus. *See, e.g. Garces v. Federal Bureau of Prisons*, No. 3-06-CV-0546-H, 2006 WL 3516026 at *1 (N.D. Tex. Dec. 5, 2006) (citing cases) ("The exclusive remedy for challenging the [BOP's] calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District Court wherein the petitioner is incarcerated, and naming the warden of the federal facility as a respondent."). Before seeking federal habeas relief, a prisoner must exhaust all administrative remedies. *See Meyer v. United States*, No. 3-03-CV-2234-P, 2004 WL 637931 at *2 (N.D. Tex. Feb. 19, 2004) (citing cases). The BOP has established an Administrative Remedy Program whereby inmates can "seek formal review of an issue relating to any aspect of [their] own confinement." 28 C.F.R. § 542.10(a). A prisoner must present his claim to the prison warden and appeal any adverse decision to the BOP Regional Director and General Counsel. *Id.* § 542.15(a). Only then can a prisoner seek relief in federal court. *See Meyer*, 2004 WL 637931 at *2 (citing cases).

Notwithstanding the sound principles underlying the exhaustion doctrine, "exhaustion is not a jurisdictional requirement in the context of a § 2241 petition[.]" *Garces*, 2006 WL 3516026 at *2, quoting *Nichols v. Joslin*, No. 3-04-CV-0059-N, 2005 WL 1017833 at *2 (N.D. Tex. Mar. 25, 2005), *rec. adopted*, 2005 WL 1017844 (N.D. Tex. Apr. 28, 2005). A federal court may deny habeas relief

---

the writ for the purpose of making his court appearance. *See Sentencing Computation Manual*, P.S. 5880.28 (CCCA 1984).

on the merits even if the prisoner failed to exhaust administrative remedies. *Id.* Because defendant is not entitled to credit on his federal sentence for the time spent in state custody, the court elects to address this claim on the merits.

### III.

Defendant's claim is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1)  as a result of the offense for which the sentence was imposed; or
>
> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). The statute makes clear that a federal prisoner is only entitled to credit for time that has not been credited toward another sentence. Although defendant points out that some of the state charges against him were dismissed, he acknowledges that the Louisiana drug case was not. (*See* Def. Mot. at 2). Nor does defendant allege, much less prove, that he was not given credit on his four-year Louisiana sentence for the 10 months he spent in state custody. Without such proof, petitioner is not entitled to credit on his federal sentence under section 3585(b).

### RECOMMENDATION

The court should treat defendant's "Petition for a Writ of Mandamus to Credit Time Served" as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and deny the relief requested.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 22, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE