IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | |
| | § | NO. 3-08-CR-224-N |
| DARRIEN HATHCOCK | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Darrien Hathcock, appearing *pro se*, has filed a Rule 36 motion to correct the judgment in his criminal case. For the reasons stated herein, the motion should be denied.

I.

In 2009, defendant pled guilty to falsely impersonating a United States Marshal in violation of 18 U.S.C. § 912. Punishment was assessed at 24 months confinement, to run consecutively to sentences imposed in four Louisiana cases and five Texas cases. No appeal was taken. Instead, defendant filed a petition for writ of mandamus, which the court construed as a section 2241 motion, seeking credit on his federal sentence for the 10 months he spent in Louisiana custody pursuant to a federal detainer. The motion was denied. *United States v. Hathcock*, No. 3-08-CR-224-N, 2010 WL 1406158 at *2 (N.D. Tex. Feb. 22, 2010), *rec. adopted*, 2010 WL 1372471 (N.D. Tex. Apr. 7, 2010).

Defendant now moves to modify or correct the judgment to reflect that all but one of the state cases referenced therein have been dismissed. According to defendant:

> There is only 1 (one) state case left to resolve; it is likely to be dismissed or that final disposition would take place after April of 2011. In either case there is no state sentence for this Federal

> Sentence to run consecutive to. Defendant is not well versed in the
> law, but this additional term of the Judgment appears to be moot and
> is causing unintentional collateral consequences because the B.O.P.
> is having difficulty computing the sentence accurately at this time.

(Def. Mot. at 3). In view of the dismissal of the majority of his state cases, defendant wants the court to modify the judgment to omit any reference to the Louisiana and Texas criminal proceedings.

II.

As authority for his motion, defendant relies on Fed. R. Crim. P. 36, which permits a court at any time to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Here, defendant does not seek to correct a clerical mistake. There was nothing incorrect about the judgment at the time it was entered. Nor is there any evidence that the BOP has miscalculated defendant's federal sentence as a result of the judgment. Instead, defendant wants the court to reform the judgment to reflect the dismissal of the Louisiana and Texas criminal proceedings to prevent any mistakes in computing his release date. Even if there were evidence that the inclusion of these dismissed state cases in the judgment "is causing unintentional collateral consequences," which there is not, defendant is not entitled to relief under Rule 36.

## **RECOMMENDATION**

Defendant's motion to correct judgment [Doc. #28] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 29, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE